IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SCOTT A. SELDIN,<br><br>               Plaintiff,<br><br>vs.<br><br>THEODORE M. SELDIN, STANLEY C. SILVERMAN, AND MARK SCHLOSSBERG,<br><br>               Defendants. | 8:16CV372<br><br>MEMORANDUM AND ORDER |

This matter is before the court on Derry J. Seldin and Traci Seldin Moser's motion to intervene in this action. (Filing No. 15). For the following reasons, the motion will be denied.

On July 29, 2016, Plaintiff Scott A. Seldin filed his complaint against Theodore M. Seldin, Stanley Silverman, and Mark Schlossberg. (Filing No. 1). The defendants together served as trustees for the Millard Seldin Children's Master Trust ("MSCM Trust"), created by Millard Seldin. Scott is named as a beneficiary of the trust along with his siblings, prospective intervenors Derry and Traci. Scott alleges that the trustees breached their fiduciary duties, specifically alleging the defendants failed to provide Scott and other beneficiaries with an annual report or trust statements of affairs. Scott Seldin's complaint requests a court-ordered accounting.

Pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, upon the filing of a timely motion, the court must permit anyone to intervene who:

    (1)    is given an unconditional right to intervene by a federal statute; or

    (2)    claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). The proposed intervenor must establish that the motion is timely, that it has a recognized interest in the litigation, that the interest may be impaired by the resolution of the

case, and that no other party can adequately protect its interest. South Dakota ex rel Barnett v. U.S. Dept. of Interior, 317 F.3d 783, 785 (8th Cir. 2003).

The movants bear the burden of showing that their interest is not adequately represented by Plaintiff. Arrow v. Gambler's Supply, 55 F.3d 407, 409 (8th Cir. 1995). Although this burden is usually minimal, it may be heightened when there is a presumption of adequate representation. Id. One such presumption arises where the prospective intervenors' interest is identical to that of an existing party. Id. at 409–10.

As Millard Seldin's children, Derry, Traci, and Scott were co- beneficiaries of the MSCM Trust. If permitted to intervene, the complaint filed by Derry and Traci will request an accounting—the same relief already sought in Scott Seldin's complaint. In fact, the proposed intervenor's complaint in intervention is nearly identical to Scott Seldin's complaint. (See Filing Nos. 1 & 15-1). As such, there is a presumption of adequate representation.

Derry and Traci generally allege that their interest is not adequately represented because there exists "certain factual circumstances in the relationship between the Proposed Intervenors and the trustees that are different from the relationship between Scott Seldin and the trustees." (Filing No. 16 at CM/ECF p. 3). However they do not provide greater detail and do not allege that Scott is failing to represent the shared interest. The proposed intervenors' conclusory allegation is insufficient to rebut the presumption of adequate representation.

Accordingly,

IT IS ORDERED that the motion to intervene filed by Derry J. Seldin and Traci Seldin Moser, (Filing No. 15), is denied.

Dated this 6th day of December, 2016

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge