IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SCOTT A. SELDIN,

                    Plaintiff,

          v.

THEODORE M. SELDIN, STANLEY C.
SILVERMAN, and MARK SCHLOSSBERG,

                    Defendants.

8:16CV372

ORDER

This matter is before the court on its own motion after a remand from the Eighth Circuit Court of Appeals ("Eighth Circuit") for proceedings consistent with its opinion. *See* Filing No. 45, Eighth Circuit Opinion; Filing No. 46, Judgment; Filing No. 48, Mandate.

Plaintiff Scott Seldin filed this action seeking an accounting of a trust. The action was related to other cases in Douglas County, Nebraska, District Court and to an arbitration proceeding that was still pending at the time this court entered its earlier order dismissing the action for lack of jurisdiction. *See* Filing No. 35, Memorandum and Order at 5. This court's dismissal was based on a binding arbitration agreement, res judicata and issue preclusion, and the *Rooker–Feldman* doctrine.[1] *Id.* at 7-8. The action was referred to the arbitrator for further review. *Id.* at 9.

Scott Seldin appealed the court's determination. Filing No. 37, Notice of Appeal. While the action was on appeal, the arbitrator entered a Final Award and the defendants filed a Motion to Confirm Arbitration Award as Judgment in state court. *See* Filing No. 45, Eighth Circuit Opinion at 4.

---

[1] The *Rooker-Feldman* doctrine prevents losing state court litigants from attempting to indirectly attack state court findings in federal district courts. *Friends of Lake View Sch. Dist. No. 25 v. Beebe*, 578 F.3d 753, 758 (8th Cir. 2009); *see D.C. Court of Appeals v. Feldman*, 103 S. Ct. 1303, 1311 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415 (1923).

On appeal, the Eighth Circuit found this court had erred in dismissing the action under Federal Rule of Civil Procedure 12(b)(1), stating that "Rule 12(b)(6) motions or Rule 56 Motions are the appropriate means for parties seeking to compel arbitration" and are also "the more appropriate vehicles for a dismissal based on preclusion." Filing No. 45 Eighth Circuit Opinion at 5-6. With respect to the *Rooker-Feldman* doctrine, the Eighth Circuit agreed with this court that "[t]o the extent that Scott is a 'state court loser' who is challenging the state court's order for his accounting claims to be arbitrated . . . *Rooker-Feldman* would apply, barring his claim in federal court," but found it unnecessary to reach the question because the arbitration ordered by the state court had already been completed. *Id.* at 6. The Eighth Circuit authorized this court on remand to hear a challenge to the enforcement of the arbitration award, but stated the court could not "consider whether the state court's order to arbitrate accounting claims was appropriate." *Id.*

There has been no activity in this case since the Eighth Circuit Court of Appeals mandate was file on January 23, 2108. No motion to enforce the award has been filed. In view of the foregoing, it appears that the case may be moot and subject to dismissal. Accordingly,

IT IS HEREBY ORDERED that the parties shall show cause why this case should not be dismissed within 21 days of the date of this order or this action will be dismissed.

Dated this 18th day of May, 2018.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge