IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SCOTT A. SELDIN, <br><br> Plaintiff, <br><br> v. <br><br> THEODORE M. SELDIN, STANLEY C. SILVERMAN, and MARK SCHLOSSBERG, <br><br> Defendants. | 8:16CV372 <br><br> ORDER |

This matter is before the Court on the parties' responses to the court's order to show cause. Filing Nos. 50 and 52. The matter was remanded from Eighth Circuit Court of Appeals ("Eighth Circuit") for proceedings consistent with its opinion. *See Seldin v. Seldin,* 879 F.3d 269, 273 (8th Cir. 2018); Filing No. 45, Eighth Circuit Opinion. The Eighth Circuit authorized this Court on remand to hear a challenge to the enforcement of the arbitration award, but stated the Court could not "consider whether the state court's order to arbitrate accounting claims was appropriate." *Id.*

Plaintiff Scott Seldin urges the Court not to dismiss the action. The record shows that the arbitration award has been confirmed in state court and is on appeal. Filing No. 50, Exs. A-D. Relying on *Brown v. Brown-Thill*, 762 F.3d 814, 825 (8th Cir. 2014), he argues that he can maintain a trust accounting claim in this Court. He states that although defendant, Theodore Seldin, has not filed an answer after remand, he expects the defendant to challenge enforcement of the arbitration awarded in this action.

Defendant Theodore Seldin, on the other hand, argues that Scott Seldin's position ignores the clear mandate of the Eighth Circuit that this Court on remand may only consider a challenge to the parties' final arbitration award. He contends that Scott Seldin has

presented no such challenge in this court and cannot do so because he unsuccessfully pursued vacatur of the award in state court.

The plaintiff continues to seek a trust accounting. No challenge to the enforcement of the arbitration award has been raised. The Court finds *Brown-Thrill* does not provide authority for the pursuit of an accounting claim in the face of the Eighth Circuit's express directive to this Court. The Court agrees with Theodore Seldin that the Eighth Circuit's mandate allows the Court only to entertain a challenge to the arbitration award and expressly prohibits consideration of any challenge to the state court's determination that the accounting claim was subject to arbitration.[1]

It appears that there are no issues for resolution by the Court. The Court finds the plaintiff has not made a satisfactory showing that the action is not subject to dismissal. Accordingly,

IT IS ORDERED that this action is dismissed pursuant to the mandate of the United States Court of Appeals for the Eighth Circuit.

DATED this 14th day of November, 2018.

BY THE COURT:

_____
Joseph F. Bataillon
Senior United States District Judge

---

[1] Though the Eighth Circuit did not rely on the *Rooker-Feldman* doctrine in its decision, the Appeals Court agreed that the doctrine would apply to bar Scott Seldin's claim "to the extent that Scott is a 'state court loser challenging his the state court's order for his accounting claims to be arbitrated[.]'" *Seldin*, 879 F.3d at 273; *see D.C. Court of Appeals v. Feldman*, 103 S. Ct. 1303, 1311 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415 (1923) (barring losing state court litigants from attempting to indirectly attack state court findings in federal district courts).